(110 App. Div. 390.)

PETTIT v. McCLELLAN, Mayor, et al.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

Appeal from Special Term, New York County.

Action by Franklin Pettit against George B. McClellan, as mayor, and others. From a judgment dismissing the complaint on demurrer, and from an order denying a permanent injunction and vacating a temporary injunction restraining defendants, as the board of estimate and apportionment, from acting on petitions for franchises, plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

L. Laflin Kellogg, for appellant.
Theodore Connoly, for respondents.

LAUGHLIN, J. This is also a taxpayer's action; and it is brought to enjoin action upon the petitions of the Atlantic Telephone Company for consent to the use of certain streets for the construction of an overhead or underground telephone line, and by the New York & Port Chester Railroad Company, the Nassau Electric Company, the Southern Boulevard Railroad Company, and the Union Railway Company of New York City for consent to the use and occupation of certain public streets of the city for the construction of street surface railways. The questions presented are the same as those presented in Wilcox v. McClellan, as Mayor, etc., et al. (argued and decided herewith) 97 N. Y. Supp. 311, except that neither the rapid transit act nor the amendments thereto have any bearing on the application upon which action is sought to be enjoined herein, and, of course, the provisions of section 18, art. 3, of the Constitution, with respect to the consent of the local authorities to the construction and operation of street railways, have no direct application to the petition of the telephone company. Neither, however, claims any distinction in principle or that the act can be upheld in part, and both unite in asking a decision on the broad ground as to the jurisdiction of the Legislature to vest those powers in the board of estimate and apportionment, to the exclusion of the board of aldermen. Even if the amendments to the rapid transit act (chapter 631, p. 1550, Laws 1905) should be void on account of the provision concerning the vote on the application, by which a minority might grant the consent, yet since the provision on that subject contained in the amendments to the city charter (chapters 629, 630, pp. 1533, 1548, Laws 1905) would in all cases require at least a majority vote, still power would exist in the board of estimate and apportionment to grant these applications. The decision in the Wilcox Case, adverse to the plaintiff, is decisive of the questions presented by this appeal.

It follows that the judgment should be affirmed, with costs to the respondents, and the order, so far as appealed from, should be affirmed, with $10 costs and disbursements to the respondents. All concur.